**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

**B 01-0591**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED

APR 2 0 2001  10:50

Michael N. Milby
Clerk of Court

### I. (a) PLAINTIFFS
CSL DEVELOPMENT CORPORATION, INC.

**DEFENDANTS**
Please see attached

(b) County of Residence of First Listed Plaintiff: **Delaware Corporation**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Cameron**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)
John Flood - 710 S. Shoreline, Suite 600
Corpus Christi, Texas 78401
(361) 882-1612 - (361) 882-3015

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [x] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 550 Civil Rights |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

There is diversity of citizenship (28 U.S.C. Sec. 332). Plaintiff alleges breach of contract, breach of a maritime contract, slander and tortious interference with contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: April 19, 2001
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 0 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CSL DEVELOPMENT CORPORATION, INC. | § | |
| | § | |
| Plaintiff, | § | B 01-059 |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | JURY DEMANDED |
| GAIM-KO, INC.; RAY GALLEGOS; | § | |
| SOUTH PADRE ISLAND FISHING | § | |
| CENTER, INC.; STANLEY McELROY; | § | |
| DAVE FRIEDMAN; SRFP, INC.; and | § | |
| SOUTH PADRE ISLAND FISHING | § | |
| CENTER JOINT VENTURE | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF CSL DEVELOPMENT CORPORATION, INC.'S
## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff CSL Development Corporation, Inc. complains of Defendants Gaim-Ko, Inc.; Ray Gallegos; South Padre Island Fishing Center, Inc.; Stanley McElroy; Dave Friedman; SRFP, Inc.; and South Padre Island Fishing Center Joint Venture as follows:

I.

### PARTIES

1. Plaintiff CSL Development Corporation ("CSL") is a Delaware corporation with its principal place of business in Florida. It is a corporate citizen of Delaware.

2. Defendant Dave Friedman ("Friedman") is an individual citizen and resident of Texas. Defendant may be served with process at his business address: One Padre Boulevard, South Padre Island, Texas 78597.

c:CSL\Original Complaint

3. Defendant South Padre Island Fishing Center, Inc. ("SPIFC") is a Texas corporation with its principal place of business in Brownsville, Texas. It is a citizen of Texas. Defendant may be served with process by serving its registered agent for service Stanley McElroy, 3304 Thousand Oaks Cove, Austin, Texas 78476-7473.

4. Defendant Stanley McElroy ("McElroy") is an individual citizen and resident of Texas. Defendant may be served with process at: 3304 Thousand Oaks Cove, Austin, Texas 78746-7473.

5. Defendant SRFP, Inc. ("SRFP") is a Texas corporation with its principal place of business in South Padre Island, Texas. It is a citizen of Texas. Defendant may be served with process by serving its registered agent for service Dave Friedman, One Padre Boulevard, South Padre Island, Texas 78597.

6. Defendant South Padre Island Fishing Center Joint Venture, ("SPIFCJV") is a Texas joint venture with its principal place of business in Brownsville, Texas. It is a citizen of Texas. Defendant may be served with process by serving it at its place of business, One Padre Boulevard, South Padre Island, Texas 78597 or by service on Dave Friedman at that address.

7. Defendant Gaim-Ko, Inc. ("Gaim-Ko") is a New Mexico corporation with its principal place of business in New Mexico. As a non-resident/foreign corporation doing business in Texas, Gaim-Ko was required to designate and maintain a registered agent for service of process but it did not, and plaintiff cannot with diligence find or serve any of Gaim-Ko's officers within Texas; therefore, the Texas Secretary of State is the agent for service of process because Gaim-Ko engaged in business in Texas. Gaim-Ko does not maintain a regular place of business in Texas, and this lawsuit arises out of Gaim-Ko's business in Texas. Accordingly, Gaim-Ko may be served

under the Texas Longarm Statute or the Texas Business Corporation Act by service on the Texas Secretary of State. TEX. CIV. PRAC. & REM. CODE §17.01 et seq. including §§ 17.044 and 17.045; TEX. BUS. CORP. ACT Articles 2.11, 8.10, and 8.14; FED. R. CIV. P. 4. Gaim-Ko's post office address is P.O. Box 244, Albuquerque, New Mexico 87103-0244. Its New Mexico agent for service is Gary E. Gaylord, Ltd., 740 San Mateo, NE, Box A-E, Albuquerque, New Mexico 87108. Its principal place of business/home office is at 2403 San Mateo, NE, Suite W17, Albuquerque, New Mexico 87110. It is a citizen of New Mexico. Defendant may be served with process at any of the foregoing addresses.

8. Defendant Ray Gallegos ("Gallegos") is an individual citizen and resident of New Mexico. Gallegos does not maintain a regular place of business in Texas, and this lawsuit arises out of his business in Texas. Accordingly, he may be served under the Texas Longarm Statute by service on the Texas Secretary of State. Defendant may be served with process at his place of business/post office address at: 2403 San Mateo Blvd., NE, Suite W17, Albuquerque, New Mexico 87110 by service through the Texas Secretary of State.

The defendants named in paragraphs 2 - 6 are referred to collectively as "the Pier defendants." The defendants named in paragraphs 7 and 8 are referred to collectively as the "Gaim-Ko defendants".

II.

## JURISDICTION AND VENUE

1. Jurisdiction in the United States District Court for the Southern District of Texas, Brownsville Division is permissible and proper as follows:

a)  This Court has federal question jurisdiction over plaintiff's claims for breach of charter party under 28 U.S.C. §1333 because those claims are admiralty or maritime claims under Fed. R. Civ. P. 9(h).

b)  This Court has supplemental jurisdiction over all of plaintiff's causes of action because plaintiff's state law causes of action are so related to plaintiff's federal cause of action that they form part of the same case or controversy within the meaning of Article 3 of the Federal Constitution. 28 U.S.C. § 1367.

c)  This Court has diversity jurisdiction. There is complete diversity between the parties and plaintiff's claim exceeds $75,000.00 (excluding interest and costs).

d)  The out of state defendants have continuing or systematic contacts with Texas, committed torts within Texas, breached contracts in Texas, and did business in Texas. Therefore, the exercise of general or specific jurisdiction over them is proper.

2.  Venue in the United States District Court for the Southern District of Texas, Brownsville Division is permissible and proper because:

a)  a substantial part of the events and omissions giving rise to plaintiff's claims occurred within that district and division. 28 U.S.C. § 1391.

b)  Defendants Friedman and SRFP reside there, and defendant SRFP has its principal place of business there.

 c)   Defendants SPIFC, SRFP, SPIFCJV, McElroy, and Friedman may be found there. 28 U.S.C. §1391.

 d)   Defendants SPIFC, SRFP, and SPIFCJV are subject to personal jurisdiction there and thus can be found there. 28 U.S.C. 1391.

### III.

### FACTS

When its causes of action accrued, CSL was conducting business in Texas through the charter of its casino gambling boat the M/V ENTERTAINER which was being operated out of South Padre Island from a berth at the Pier defendants' pier. At all times during this operation, the ENTERTAINER was maintained in seaworthy condition. On November 3, 2000, CSL and Gaim-Ko entered into an agreement under which Gaim-Ko agreed to charter and eventually purchase the ENTERTAINER. Although, as stated, the vessel was at all relevant times seaworthy, CSL need not establish that fact to prevail because the agreement expressly provided that Gaim-Ko unconditionally accepted the vessel on an "as is" basis with no warranty of seaworthiness or any other warranties or representations regarding the vessel's condition. On or before November 10, 2000, a lease at SPIFCJV's pier was negotiated to Gaim-Ko's satisfaction as contemplated by the agreement; nevertheless, Gaim-Ko and Gallegos failed to fulfill their obligations to charter and purchase the vessel under the agreement. CSL subsequently learned that all or some of the Pier defendants had told the Gaim-Ko defendants that the vessel was unseaworthy (a patently false statement), and that the Gaim-Ko defendants breached the agreement, in whole or in part, based either upon those false statements regarding the vessel's condition or as part of a plan between the Gaim-Ko and Pier defendants whereby the Gaim-Ko defendants would attempt to use those statements as a pretext to

breach the agreement.

The Gaim-Ko defendants later repeated the falsehood that the vessel was unseaworthy to ship broker Lou Daleo, and all defendants may have repeated the false statement to other third parties.

## PLAINTIFF'S CAUSES OF ACTION

### IV.

### BREACH OF CONTRACT

Plaintiff incorporates and reasserts the factual allegations set forth in the preceding paragraphs.

Defendant Gaim-Ko breached its agreement to charter and purchase the vessel proximately causing plaintiff's damages. Plaintiff was proximately damaged by defendant's breach of the contract in the amounts set forth in the agreement, plus interest thereon and attorneys' fees. Defendant Ray Gallegos breached the charter and purchase agreements, and his guarantee of Gaim-Ko's obligations thereunder, by failing to fulfill his and Gaim-Ko's obligations, and plaintiff was proximately damaged as a result; therefore, Gallegos is also liable to plaintiff for these damages. All conditions precedent have been performed or have occurred.

### V.

### TORTIOUS INTERFERENCE WITH CONTRACT AND
### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

Plaintiff incorporates and reasserts the factual allegations set forth in the preceding paragraphs.

The conduct of the Pier defendants tortiously interfered with the contract for the charter and sale of the vessel which proximately caused actual damages to plaintiff (the pecuniary loss of the

contract benefits), consequential losses for which such interference is the legal cause, harm to plaintiff's business reputation reasonably expected to result from the interference, and punitive/exemplary damages due to the false statements defendants made regarding plaintiff's vessel. To the extent that any portion of the plaintiff's contract with Gaim-Ko is deemed prospective, then the conduct of the Pier defendants also constituted an interference therewith proximately damaging plaintiff as set forth above because such conduct was independently tortious and wrongful (including but not limited to fraud, defamation, and disparagement). Likewise, that tortious and wrongful conduct by defendants constitutes a tortious interference with other prospective sales and charters of the vessel entitling plaintiff to damages for these lost opportunities.

VI.

## DEFAMATION

Plaintiff incorporates and reasserts the factual allegations set forth in the preceding paragraphs.

The Pier defendants communicated with the Gaim-Ko defendants and perhaps others regarding plaintiff's vessel in an actionable and defamatory way by claiming, among other things, that plaintiff's vessel was unseaworthy and unsafe which proximately damaged plaintiff in its business; therefore, those defendants are liable to plaintiff for damages proximately caused by this slander and slander *per se*. The Gaim-Ko defendants repeated this slander and slander *per se* to Lou Daleo and perhaps others further proximately damaging plaintiffs.

VII.

## PUNITIVE OR EXEMPLARY DAMAGES

Plaintiff incorporates and reasserts the factual allegations set forth in the preceding

c:CSL\Original Complaint                                7

paragraphs.

Plaintiff is entitled to punitive damages or exemplary damages for defendants' conduct set forth in paragraphs V and VI.

## VIII.

## VICARIOUS AND OTHER LIABILITY

Gallegos is vicariously liable for the conduct of Gaim-Ko, Friedman is liable for the conduct of SRFP, and McElroy is liable for the conduct of SPIFC because one or more of these entities were the mere alter egos of the individuals or were inadequately capitalized.

SPIFC, SRFP, Friedman, McElroy, and any other venturer in SPIFCJV is liable for SPIFCJV's conduct.

## IX.

## DAMAGES

Plaintiff has incurred damages proximately or directly caused by the acts and omissions of defendants including but not limited to:

a) Charter hire under the contract, past and future;

b) Damages in the amount of the vessel's sale price;

c) Loss of prospective sales or charter hire of the vessel;

d) All other actual, special, or compensatory damages allowed by law;

e) Punitive or exemplary damages;

f) Attorneys' fees and costs; and

g) All such other damages as allowed by law and as may be shown at time of trial.

## X.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Premises considered, plaintiff prays that defendants be cited to appear and answer herein, and that upon trial plaintiff have judgment and recover jointly, collectively, and severally of and from all defendants as follows:

a)  Charter hire under the contract, past and future;

b)  Damages in the amount of the vessel's sale price;

c)  Loss of prospective sales or charter hire of the vessel;

d)  All other actual, special, or compensatory damages allowed by law;

e)  Punitive or exemplary damages;

f)  Attorneys' fees and costs;

g)  All such other damages as allowed by law and as may be shown at time of trial;

h)  Pre and post judgment interest on all such amounts at the maximum legal rate until such amounts are paid to Plaintiff; and

i)  Such other and further relief, both at law or in equity, which Plaintiff may be justly entitled to receive.

Respectfully submitted,

By: _____
John Flood
State Bar. No. 07155910
719 S. Shoreline Blvd., Suite 600
Corpus Christi, Texas 77401
(361) 882-1612
(361) 882-3015 (Facsimile)

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:

J.A. Magallanes
State Bar No. 12809500
Magallanes, Hinojosa & Mancias
1713 Boca Chica
Brownsville, Texas 78520
(956) 544-6571
(956) 544-4290 (Facsimile)

Bob Hilliard
State Bar No. 09677700
John M. Quinlan
State Bar No. 16435100
Hilliard & Muñoz, PPC
719 S. Shoreline, Suite 600
Corpus Christi, Texas 78401
(361) 882-1612
(361) 882-3015 (Facsimile)

Joseph M. Grant
State Bar No. 08301520
The Grant Law Firm
2437 Bay Area Blvd., #100
Houston, Texas 77058
(281) 286-1222
(281) 286-1444 (Facsimile)

# United States District Court

Southern _____ DISTRICT OF Brownsville _____

CSL Development Corporation, Inc.

V.

Gaim-Ko; Ray Gallegos; South Padre Island Fishing Center, Inc.; Stanley McElroy; Dave Friedman; SRFP, Inc.; and South Padre Island Fishing Joint Venture

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B 01-059

TO: (Name and address of defendant)

Stanley McElroy
3304 Thousand Oaks Cove
Austin, Texas 78746-7473

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Flood
Hilliard & Munoz
719 S. Shoreline, Suite 600
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

_Juanita Tabares_ (signature)

CLERK
(BY) DEPUTY CLERK

DATE: 4/20/01

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

Southern _____ DISTRICT OF Brownsville _____

CSL Development Corporation, Inc.

V.

Gaim-Ko; Ray Gallegos; South Padre Island Fishing Center, Inc.; Stanley McElroy; Dave Friedman; SRFP, Inc.; and South Padre Island Fishing Joint Venture

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B 01-059

TO: (Name and address of defendant)

South Padre Island Fishing Center, Inc. ("SPIFC")
Agent for service being: Stanley McElroy
3304 Thousand Oaks
Austin, Texas 78476-7473

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Flood
Hilliard & Munoz
719 S. Shoreline, Suite 600
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

4/20/01

CLERK

(BY) DEPUTY CLERK                    DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

Southern _____ DISTRICT OF Brownsville _____

CSL Development Corporation, Inc.

V.

Gaim-Ko; Ray Gallegos; South Padre
Island Fishing Center, Inc.; Stanley
McElroy; Dave Friedman; SRFP, Inc.;
and South Padre Island Fishing
Joint Venture

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B 01-059

TO: (Name and address of defendant)

Ray Gallegos
2403 San Mateo Blvd., NE
Suite W17
Albuquerque, New Mexico 87110

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Flood
Hilliard & Munoz
719 S. Shoreline, Suite 600
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

(BY) DEPUTY CLERK

DATE 4/20/01

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

Southern _____ DISTRICT OF Brownsville _____

CSL Development Corporation, Inc.

V.

Haim-Ko; Ray Gallegos; South Padre Island Fishing Center, Inc.; Stanley McElroy; Dave Friedman; SRFP, Inc.; and South Padre Island Fishing Joint Venture

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B 01-059

TO: (Name and address of defendant)

SRFP, Inc.
Agent for service being: Dave Friedman
One Padre Island Boulevard
South Padre Island, Texas 78597

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Flood
Hilliard & Munoz
719 S. Shoreline, Suite 600
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk                                   4/20/01

CLERK                                                     DATE
/s/ [signature]
(By) DEPUTY CLERK

AO 440 (Rev 10/93) Summons in a Civil Action

# United States District Court

Southern _____ DISTRICT OF Brownsville _____

CSL Development Corporation, Inc.

V.

Gaim-Ko; Ray Gallegos; South Padre Island Fishing Center, Inc.; Stanley McElroy; Dave Friedman; SRFP, Inc.; and South Padre Island Fishing Joint Venture

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B 01-059

TO: (Name and address of defendant)

Dave Friedman
One Padre Boulevard
South Padre Island, Texas 78597

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Flood
Hilliard & Munoz
719 S. Shoreline, Suite 600
Corpus Christi, Texas 78401

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

4/20/01

CLERK                                         DATE

_(signature)_

(BY) DEPUTY CLERK

# United States District Court

Southern _____ DISTRICT OF Brownsville _____

CSL Development Corporation, Inc.

V.

Gaim-Ko; Ray Gallegos; South Padre
Island Fishing Center, Inc.; Stanley
McElroy; Dave Friedman; SRFP, Inc.;
and South Padre Island Fishing
Joint Venture

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B 01-059

TO: (Name and address of defendant)

Gaim-Ko, Inc.
Agent for service being:
Gary E. Gaylord, Ltd.
740 San Mateo, NE  Box  A-E
Albuquerque, New Mexico  87108

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Flood
Hilliard & Munoz
719 S. Shoreline, Suite 600
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

CLERK

_[signature]_

(BY) DEPUTY CLERK

DATE: 4/20/01

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

Southern _____ DISTRICT OF Brownsville

CSL Development Corporation, Inc.

V.

Gaim-Ko; Ray Gallegos; South Padre Island Fishing Center, Inc.; Stanley McElroy; Dave Friedman; SRFP, Inc.; and South Padre Island Fishing Joint Venture

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B 01-059

TO: (Name and address of defendant)

South Padre Island Fishing Center Joint Venture
One Padre Boulevard
South Padre Island, Texas  78597

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Flood
Hilliard & Munoz
719 S. Shoreline, Suite 600
Corpus Christi, Texas  78401

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk                               4/20/01

CLERK                                                  DATE

*[signature]*

(BY) DEPUTY CLERK