*10*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CSL DEVELOPMENT CORPORATION, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-01-059 |
| | § | |
| GAIM-KO, INC.; RAY GALLEGOS; SOUTH | § | |
| PADRE ISLAND FISHING CENTER, INC.; | § | |
| STANLEY McELROY; DAVE FRIEDMAN; | § | |
| SRFP, INC.; and SOUTH PADRE ISLAND | § | |
| FISHING CENTER JOINT VENTURE | § | |

**ORIGINAL ANSWER OF SOUTH PADRE ISLAND FISHING CENTER, INC.,
STANLEY McELROY, DAVE FRIEDMAN, SRFP, INC., AND
SOUTH PADRE ISLAND FISHING CENTER JOINT VENTURE TO
CSL DEVELOPMENT CORPORATION, INC.'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** the above-named Defendants in the above-styled and numbered

cause, and for answer to CSL Development Corporation, Inc.'s Original Complaint against

them, and would respectfully show the court as follows:

I.

These Defendants, hereinafter referred to as the "Pier Defendants" as per Plaintiff's

Original Complaint, admit the allegations set out in Paragraphs 2 through 6 of one of

Plaintiff's Complaint.  They cannot admit or deny the allegations set out in Paragraph 1,

7 or 8 of this part of Plaintiff's Complaint because they are without knowledge sufficient to

form a belief as to the truth of those allegations.

II.

The Pier Defendants agree that jurisdiction and venue are proper in this court as

ClibPDF - www.fastio.com

far as they are concerned. They cannot admit or deny that jurisdiction and venue are proper as to the other Defendants because they are without knowledge or information sufficient to form a belief as to the truth of these allegations.

### III.

The Pier Defendants deny that on or before November 10, 2000, a lease at SPIFCJV' pier was negotiated with Gaim-Ko as alleged. They deny that they told the Gaim-Ko Defendants that the MV Entertainer was unseaworthy or that they ever cooperated with Gaim-Ko to create a pretext for Gaim-Ko to breach an agreement it may have had with Plaintiffs. The Pier Defendants deny that they made false statements regarding Plaintiff or Plaintiff's business interests or that they published them to third parties.

### IV.

This part of Plaintiff's Complaint does not relate to the Pier Defendants. They cannot admit or deny the allegations made in this Paragraph because they are without knowledge or information sufficient to form a belief as to the truth of these allegations.

### V.

The Pier Defendants deny the allegations set out in Paragraph 5 of Plaintiff's Complaint.

### VI.

The Pier Defendants deny that they ever told anyone that Plaintiff's vessel was unseaworthy and unsafe. They deny that anything they said caused any damage to Plaintiff. They cannot admit or deny that the Gaim-Ko Defendants uttered any statements which may have damaged the Plaintiffs because they are without knowledge or information

**DEFENDANTS' ANSWER TO CSL DEVELOPMENT
CORPORATION, INC.'S ORIGINAL COMPLAINT**                      Page 2
/mf.federal/22256.ans

ClibPDF - www.fastio.com

sufficient to form a belief as to the truth of these allegations.

## VII.

The Pier Defendants deny the allegations set our in Paragraph 7 of Plaintiff's Complaint, and deny that Plaintiff's are entitled to punitive or exemplary damages. These Defendants would show that Plaintiff's claim for punitive or exemplary damages should be tested according to Chapter 41 of the Texas Civil Practice and Remedies Code, and more specifically that any exemplary damages should be limited as provided by Section 41.008 of the Texas Civil Practice and Remedies Code.

By way of further answer, Defendants state that the standards and instructions regarding punitive damages are inadequate, vague and ambiguous, and violate the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

Defendants further state that the correct standard for submitting its burden of proof for punitive damages is "clear and convincing evidence". Any lesser standard is a violation of the due process clause of the Fourteenth Amendment to the United States Constitution and the Texas Constitution, and §41.001(2) of the Texas Civil Practice and Remedies Code.

## VIII.

The Pier Defendants deny the allegations set our in Paragraph 8 of Plaintiff's Complaint.

## IX.

The Pier Defendants deny that Plaintiff is entitled to recover any of the damages as claimed in Paragraph 9 of its Complaint.

WHEREFORE, Defendants **SOUTH PADRE ISLAND FISHING CENTER, INC.,**

**STANLEY McELROY, DAVE FRIEDMAN, SRFP, INC., AND SOUTH PADRE ISLAND**

**FISHING CENTER JOINT VENTURE** pray that upon trial the Court enter judgment that

Plaintiff recover nothing against him, that he be awarded his costs of court, and that he

have such other relief to which he may be entitled.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telecopier: (956) 542-0016

By:_____
W. Michael Fisher
State Bar No. 07062420
Federal Admission No.1080

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing Defendants' Answer to CSL Development Corporation, Inc.'s Original Complaint has been sent to the following:

John Flood
HILLIARD & MUNOZ, P.P.C.
719 S. Shoreline, Suite 600
Corpus Christi, Texas 78401

on this 15th day of May, 2001.

_____
W. Michael Fisher

**DEFENDANTS'ANSWER TO CSL DEVELOPMENT
CORPORATION, INC.'S ORIGINAL COMPLAINT**
/mf.federal/22256.ans

Page 4