IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 9 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CSL DEVELOPMENT CORPORATION, INC. § <br> § <br> **Plaintiff,** § <br> v. § <br> § <br> GAIM-KO, INC.; RAY GALLEGOS; SOUTH § <br> PADRE ISLAND FISHING CENTER, INC.; § <br> STANLEY McELROY; DAVE FRIEDMAN; § <br> SRFP, INC.; and SOUTH PADRE ISLAND § <br> FISHING CENTER JOINT VENTURE § <br> § <br> **Defendants.** § | CIVIL ACTION NO. B-01-059 <br> JURY DEMANDED |

### DEFENDANTS, RAY GALLEGOS AND GAIM-KO, INC.'S MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME**, **RAY GALLEGOS** and **GAIM-KO, INC.** ("Gaim-Ko") and file this Memorandum in Support of Gaim-Ko's Motion for Summary Judgment and would respectfully show the court as follows:

**I.**

**SUMMARY**

The Plaintiff, CSL DEVELOPMENT CORPORATION, INC., ("CSL") has alleged only one cause of action against Gaim-Ko: that Gaim-Ko breached its agreement to charter and purchase the vessel.

There is no evidence that Gaim-Ko breached the agreement to charter and purchase the

Page 1

vessel. Therefore, summary judgment in favor of Gaim-Ko is proper in that no genuine issue of material fact exists to support a claim for breach of contract.

## II.

### ARGUMENTS AND AUTHORITIES

A. **GAIM-KO DOES NOT DISPUTE THE FORMATION OF A CONTRACT WITH CSL FOR THE CHARTER/PURCHASE OF THE M/V ENTERTAINER**

Gaim-Ko and CSL entered into a contract for the purchase of a vessel on November 4, 2000, when Charles Liberis executed his counterpart to the Charter/Purchase Agreement. This fact is undisputed by the parties.

B. **THE CHARTER/PURCHASE AGREEMENT CONTAINED A "CONDITION PRECEDENT" OR "CONTINGENT CLAUSE" THAT WAS NOT SATISFIED**

The Charter/Purchase Agreement contained a "condition precedent" or "contingent clause" that was not satisfied in this case. A condition precedent clause is an act or event that must occur before a contract arises or before performance under an existing contract is required. *See Texas Department of Housing and Community Affairs v. Verex Assurance, Inc.*, 68 F. 3d 922, 928 (5th Cir. 1995). The United States Court of Appeals for the Fifth Circuit, quoting a Texas appellate court, also held that, "When a promise or contract is subject to a condition precedent, there is no liability or obligation on the promisor and there can be no breach of contract by him until and unless such condition or contingency is performed or occurs." *Id. at*, 928. And to determine whether a condition precedent exists, a court should look no further than the four corners of the contract itself. *Criswell v. European Crossroads Shopping Center, Ltd.*, 792 S.W. 2d 945, 948 (Tex.1990). In *Criswell*, the Texas Supreme Court defined the difference between and condition precedent and a covenant. *Id.* The Court held that a clause is a condition

precedent if it contains words such as "if", "provided that" or "on condition of". *Id.*

In this case, the Charter/Purchase Agreement clearly contains the clause " is fully refundable to Operator <u>if</u> the Pier Lease, hereinafter defined, is not negotiated to Operator's satisfaction within (1) week from execution hereof". *See Appendix Exhibit* 14, p.3. This condition precedent must have occurred before Gaim-Ko's performance under the Charter/Purchase Agreement was required. <u>And no breach of contract could have occurred unless Gaim-Ko satisfied the condition precedent</u>. Specifically, paragraph 4 of the Charter/Purchase Agreement unambiguously identifies the condition precedent by stating that the escrow money "... **is fully refundable to Operator if the Pier Lease, hereinafter defined, is not negotiated to Operator's satisfaction within (1) week from execution hereof, in which event this Agreement shall be null and void.**" *See Appendix Exhibit* 14, p.3.

This case is very simple. Gaim-ko was under no obligation to perform under this contract until it had negotiated the Pier Sublease for the ship contemplated by the contract. And if the Pier Sublease was not negotiated to Gaim-Ko's satisfaction within seven days, the Charter/Purchase Agreement would become "... **null and void**." *Id. at*, p. 3.

All of the evidence in this case clearly demonstrates that the Pier Sublease was no where near negotiated to Gaim-Ko's satisfaction. The two principle parties necessary to negotiate and reach an agreement on the Pier Sublease were Ray Gallegos (for Gaim-Ko) and Stan McElroy and Dave Friedman (for the Pier Owners). Both Parties have given sworn testimony that no agreement was reached on a Pier Sublease and the negotiations that did take place were only preliminary.

Plaintiff alleges that at the meeting on November 10, 2000, the terms of a Pier Sublease

were fully and satisfactorily negotiated between Gaim-Ko and the Pier Owners. This is simply false. No agreement was reached on November 10, 2000 and there is no evidence that shows an agreement was ever reached between Gaim-Ko and the Pier Owners or even that Gaim-Ko had satisfactorily negotiated a Pier Sublease.

C. **PLAINTIFF HAS THE BURDEN OF PROOF AND MUST PROVE THAT ALL CONDITIONS PRECEDENT HAVE BEEN SATISFIED WITH ADMISSIBLE EVIDENCE**

A party seeking to recover under a contract bears the burden of proving that all conditions precedent have been satisfied. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964, S.W. 2d 276. CSL must show this court that Gaim-Ko negotiated a Pier Sublease to its satisfaction in order for CSL to even allege a breach of contract claim. *Id. at*, 283. CSL has not, can not and will not present <u>any admissible evidence</u> that Gaim-Ko and Pier Owners satisfactorily negotiated a Pier Sublease because it never happened. Both parties to this alleged transaction were present for the November 10, 2000 meeting and they have all have testified that no agreement was reached and that the "talks" were very preliminary.

Additionally, CSL has made known its intention to use inadmissable affidavit testimony to support its claim that a Pier Sublease was satisfactorily negotiated. As the court well knows, statements made upon information and belief, as opposed to personal knowledge, are not entitled to weight in the summary judgment balance. *Lear, Inc. v. Adkins*, 395 U.S. 653, 671 (1969); See also, *Cadle Co v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997).

CSL has tendered an affidavit from a former employee (who was not even at the November 10th meeting) that claims " I was advised by Mr. Liberis and Mr. Gallegos that

Page 4

satisfactory terms had been reached with....the owner of the Sea Ranch Fishing Pier, and with its principals, Dave Friedman and Stan McElroy." "He told me, I swear it" type of evidence does not rise to the level of personal knowledge required by federal courts to support a movant's summary judgment. This type of self serving, inadmissable, hearsay affidavit testimony is not entitled to weight in the summary judgment balance. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *See also, Anheuser-Busch, Inc., v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995).

### III.

### CONCLUSION

CSL's cause of action fails as a matter of law because there is no evidence to support its claim that (1) the condition precedent in the contract occurred and (2) that Gaim-Ko had an obligation to perform under the contract. As such, Gaim-Ko, Inc. and Ray Gallegos are entitled to summary judgment.

Respectfully submitted,

By: _____

Paul L. Fourt, Jr.
Texas Bar Number 00785874
Federal Identification No. 19663
1000 E. Van Buren
Brownsville, TX 78520
Tel. 956-574-0109
Fax 956-574-0227

ATTORNEY IN CHARGE FOR RAY
GALLEGOS and GAIM-KO, INC.

# TABLE OF CASES

*Anheuser-Busch, Inc., v. Natural Beverage Distribs.*, 69 F.3d 337, 345 (9th Cir. 1995).

*Associated Indem. Corp. v. CAT Contracting, Inc.*, 964, S.W. 2d 276 (Tex. 1998).

*Cadle Co v. Hayes*, 116 F.3d 957, 961 (1st Cir. 1997).

*Criswell v. European Crossroads Shopping Center, Ltd.*, 792 S.W. 2d 945, 948 (Tex.1990).

*Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

*Lear, Inc. v. Adkins*, 395 U.S. 653, 671 (1969).

*Texas Department of Housing and Community Affairs v. Verex Assurance, Inc.*, 68 F. 3d 922, 928 (5th Cir. 1995).